UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOSIER<br><br>                Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP., et al.<br><br>                Defendants. | Case No.: 19cv1956-LAB (LL)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff David Mosier, who is representing himself, filed his complaint asking for damages in connection with a trustee's sale, an order rescinding a recorded deed of trust and trustee's deed upon sale and quieting title, and correcting any resulting any negative credit reporting.

    The complaint does not include the "short and plain statement" of the basis for the Court's jurisdiction required by Fed. R. Civ. P. 8(a)(1). It identifies diversity as one basis for the Court's jurisdiction, but does not allege the parties' citizenship. Although the complaint seeks more than $75,000 in damages, it does not allege the citizenship of any parties. A party seeking to invoke diversity jurisdiction must affirmatively allege the actual citizenship of all the parties. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). *See also Segundo Suenos, LLC*

*v. Jones*, 494 Fed. Appx. 732, 735 (9th Cir. 2012) (holding that when limited liability company is a party, the citizenship of all its constituent members must be alleged); 28 U.S.C. § 1332(c)(1) (for purposes of ordinary diversity jurisdiction, a corporation is a citizen of bot the state where it is incorporated and the state where it has its principal place of business).

No other basis for the Court's jurisdiction appears in the complaint. Its claims appear to arise under California state law, not federal law. The complaint also argues that the Court has jurisdiction because the state court lacks jurisdiction. This is not correct, however.

The complaint also mentions an unlawful detainer action in state court, without giving much information about what happened there or whether the case is ongoing. It may be that the issues Mosier is seeking to litigate here have already been decided in state court. If that is so, and if the state court judgment is final, this Court lacks jurisdiction to review them. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (discussing *Rooker-Feldman* doctrine).

The Court is required to raise jurisdictional issues, even if the parties do not. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). As the party invoking the Court's jurisdiction, Mosier is required to establish that the Court had jurisdiction to hear his claims, and that until he does so, jurisdiction is presumed to be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The complaint is **DISMISSED WITHOUT PREJUDICE** for failing to invoke the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). No later than the close of business on **November 4, 2019**, Mosier may file an amended complaint that corrects the defects this order has identified, and shows that the Court has jurisdiction. His amended complaint must be received by the Court within that time, not merely postmarked or mailed.

/ / /

Any amended complaint must explain what issues were raised in his unlawful detainer action, and what ultimately happened in that case. Mosier should also attach to his amended complaint copies of any orders of the state court in that case.

**If Mosier fails to amend successfully as ordered, this action may be dismissed without prejudice, but without leave to amend, for lack of jurisdiction.**

**IT IS SO ORDERED**.

Dated: October 11, 2019

Honorable Larry Alan Burns
Chief United States District Judge