UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOSIER<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP., et al.<br><br>　　　　　　　　Defendants. | Case No.: 19cv1956-LAB (LL)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO AMEND; AND**<br><br>**ORDER OF DISMISSAL WITHOUT LEAVE TO AMEND** |

On October 11, the Court dismissed the complaint for failure to invoke the Court's jurisdiction. Although the complaint identified diversity as the basis for the Court's jurisdiction, it did not allege the citizenship of any of the parties. Furthermore, the complaint made reference to an unlawful detainer action in state court, and it appeared Plaintiff David Mosier was attempting to relitigate matters already decided in that case. The Court pointed out that, if he was, this Court would lack jurisdiction over those claims. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (discussing *Rooker-Feldman* doctrine).

The Court permitted Mosier, no later than November 4, 2019, to amend his complaint to show that the Court has jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). The Court pointed out that jurisdiction is presumed to be lacking, until the party invoking

it (*i.e.*, Mosier) establishes it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court also directed Mosier's attention to authority showing how the citizenship of parties needed to be pled.

Instead of amending his complaint, Mosier has filed a request for more time. His motion says he has recently discovered financial instruments disclosing more information about Defendants. The motion is not very clear about how Mosier might establish jurisdiction. But it appears he believes that by adding one or two diverse Defendants, he can create diversity jurisdiction. For ordinary diversity jurisdiction, however, complete diversity is required. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005) ("Since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435, [(1806)] this Court has read the statutory formulation 'between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.")

Mosier has implied, though he has not alleged, that he is a California citizen. Even assuming he is a California citizen and could allege that some Defendants or prospective Defendants are citizens of states besides California, he must be able to allege that <u>all</u> Defendants are citizens of other states (or of foreign countries). Among other things, this would require that he affirmatively allege the citizenship of necessary Defendants, such as those against whom he seeks to quiet title. He has not done this, and there is no reason to think he could even if he were given more time. Mosier makes other arguments in favor of jurisdiction, but these are even less substantial.

Mosier has not shown good cause for an extension of time, and there is no reason to think that he could successfully amend even if he were given more time. The motion is **DENIED**.

/ / /

/ / /

/ / /

1      This action is **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**, for failure to invoke the Court's jurisdiction.

**IT IS SO ORDERED**.

Dated: November 5, 2019

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge